**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1213**

---

CHONG LANG YERU CHEN,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.  (A78-746-852)

---

Submitted:  September 21, 2007        Decided:  December 7, 2007

---

Before NIEMEYER and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Norman Kwai Wing Wong, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Mona Maria Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chong Lang Yeru Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Chen challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proving eligibility for asylum. We will reverse this finding only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the determination that Chen failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Chen cannot sustain his burden on the asylum claim, he cannot establish

- 2 -

his entitlement to withholding of removal.  See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").  In addition, we uphold the finding that Chen failed to establish that it was more likely than not that he would be tortured if removed to China.  See 8 C.F.R. § 1208.16(c)(2) (2007).

Accordingly, we deny Chen's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED